IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Steven Russell<br>Denise C. Russell<br>　　　　　Debtors | | CHAPTER 13 |
| M&T Bank<br>　　　　　Movant<br>vs. | | NO. 16-17264 AMC |
| Steven Russell<br>Denise C. Russell<br>　　　　　Debtors<br>William C. Miller Esq.<br>　　　　　Trustee | | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is $7,522.30, which breaks down as follows:

Post-Petition Payments:    July 2017 through November 2017 at $1,187.54/month
　　　　　　　　　　　　　　December 2017 at $1,219.48/month
Suspense Balance:           $665.88
Fees & Costs Relating to Motion: $1,031.00
Total Post-Petition Arrears   $7,522.30

2. The Debtor(s) shall cure said arrearages in the following manner:

　　a). Debtor(s) shall modify the Chapter 13 Plan to provide for payment of the post-petition arrears of $7,522.30 through the Plan, plus the pre-petition arrears, and within seven (7) days of the court order approving of and/or granting this stipulation, Debtor(s) shall file any motions necessary under the court rules to accomplish said Plan modification;

　　b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of $7,522.30 along with the pre-petition arrears;

　　c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due January 1, 2018 and continuing thereafter, Debtor(s) shall pay to Movant the present regular monthly mortgage payment of $1,219.48 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor(s) provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtor(s)' attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:    December 20, 2017

By: /s/ *Rebecca A. Solarz, Esquire*
Rebecca A. Solarz, Esquire
Attorney for Movant
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734

Date: 2/1/2018

*Denise Russell — Steven Russell*
Michael A. Cataldo
Michael Cibik
Attorneys for Debtors

Date: 2/1/2018

*Denise Russell — Steven Russell*
William C. Miller
Chapter 13 Trustee

JACK MILLER    No objection

Approved by the Court this ____ day of _____, 2017. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan